## Law Offices of Ezra Spilke

1825 Foster Avenue, Suite 1K  
Brooklyn, New York 11230  
t: (718) 783-3682  
e: ezra@spilkelaw.com  
www.spilkelaw.com

MEMO ENDO.

October 28, 2023

**By ECF**  
The Honorable Kenneth M. Karas  
United States District Court  
Southern District of New York  
300 Quarropas Street  
White Plains, New York 10601

Re:     *United States v. Joseph Duquesne*, No. 23 Cr. 13 (S.D.N.Y.)

Your Honor:

      With the consent of the government, I write to respectfully request that the Court omit the RDAP recommendation from the judgment. As the Court is aware, under current Bureau of Prison policy, Mr. Duquesne is ineligible to participate in the RDAP program. Counsel asked for that recommendation in the chance that the BOP were to change the policy. After some research, I learned that the RDAP recommendation will prejudice Mr. Duquesne under the rules that the BOP promulgated last October with respect to earned time credits (ETCs) under the First Step Act.

      Under the First Step Act, the BOP developed a risk tool known as PATTERN that is intended to measure an inmate's rehabilitation during incarceration. Various factors, such as age, education and participation in BOP programs, can lower or raise a person's PATTERN risk score, which is used to place that person in risk categories from "minimum" to "high."

      The First Step Act also allows people to accrue credits, ETCs, for participating in programs that have been shown to have rehabilitative effects. Under the BOP's policy, only people in the "minimum" or "low" risk categories may use ETCs to reduce their sentence. Although completion of RDAP lowers a person's PATTERN score, "no need indicated" results in a larger reduction. Not completing a program when a need for the program is indicated results in no reduction.

      As a practical matter, with no need for a program indicated, Mr. Duquesne would barely qualify for the low risk category if he were to complete more than ten programs – no mean feat on its own – while in custody. If a need is indicated and, as expected, Mr. Duquesne does not complete the program because he is ineligible, Mr. Duquesne will just miss qualifying for the low category.

      The ability to earn early release to a halfway house is a powerful incentive to participate in programs. With the inclusion of the RDAP recommendation, Mr. Duquesne will not be able to

Hon. Kenneth M. Karas
October 28, 2023
Page 2 of 2

apply the ETCs he accrues to his sentence and may miss out on the more rehabilitative functions of imprisonment.

I have conferred with AUSA Ben Arad, who advises me that the government has no objection to this request. Accordingly, Mr. Duquesne respectfully asks the Court to omit the RDAP recommendation from the judgment.

Granted. The Court will not recommend that the RDAP program be made available to Mr. Duquesne.

So Ordered.

10/30/23

Respectfully submitted,

/s/ Ezra Spilke

cc: All counsel of record, by ECF